on the role of God of court in the judicial district of Illinois in the office of the Attorney General. Good morning. Please be seated. I apologize to the panel for being late because of the rain. So, my apologies to counsel. And will you call the first case, please? Case number 312-0519. This case was with the State of Illinois, and I believe by Robert Hanson v. Josiah Gamble, defendant by Rickenshaw. Mr. Shaw. Good morning, Your Honor. Good morning. My name is Rickenshaw, and I represent Josiah Gamble on behalf of the State Appellate Defender. After a bench trial, defendant was found guilty of aggravated battery and resisting a peace officer. Prior to trial, the court accepted defendant's waiver of counsel without ever admonishing him of the possible sentencing. And the first time, in fact, that the court ever informed him about the fact that he was facing up to 14 years in prison on an extended term and that he wasn't eligible for probation was during the hearing on his motion for a new trial after the trial. Was he arraigned? Yes, he was arraigned. And had a first appearance? The first appearance, I believe, was March 31st, if I remember correctly. Yeah, March 31st. Okay, and when did he ask to go without counsel? It was August 15th, or August 16th. Same year? The same year. Okay, and at his arraignment, or first appearance, however you want to call it, was he informed of the charges against him? At the arraignment itself, yes, on March 31st. And was he informed and admonished of his rights at that time, both in terms of sentencing ranges, etc.? No, he wasn't, Your Honor. He wasn't at the arraignment? No, he was not admonished of his possible sentencing range at all. At the arraignment itself. Okay, but he was informed he could proceed without counsel, or any of these admonitions. They were never given at any time in any stage of proceeding before his request to proceed without counsel. No, Your Honor, they weren't. And in fact, he was never told of the possible sentencing range until after his trial during the hearing on his motion for a new trial. And he started arguing with the trial judge. Right, now, I want to deal with the time before. Everybody wants to jump into that time that he makes the request. Okay, what is, if, hypothetically, he's given all of those admonitions at arraignment, first appearance, before he makes a request to proceed per se without counsel, does the rule require at the time the request is made that he be re-admonished? I think it depends, Your Honor. Under these circumstances, I think this is a totally different case than the one we have here. I think one big difference is he simply didn't know the sentence. I think that's a huge part of this case, or the possible sentencing range. I think in a case like this, I might argue that because there's a five-month gap. And the whole point of this is to make sure he knowingly and intelligently waives counsel. And, you know, is he really considering the ramifications of what he heard five months ago? Possibly not. Again, I don't think that's the case. I'm sorry, so that's the purpose of the rule, is to refresh or reappoint the defendant with his rights that presumably, oftentimes, are given prior to that request. No, Your Honor, I think the purpose of the rule is so he knowingly and intelligently waives counsel. But knowingly and intelligently waiving counsel doesn't have necessarily anything to do with the nature of his charge, whether he understands it, the fact he has a right to counsel. That might be related to a waiver of counsel. But the minimum and maximum sentence and the penalties have nothing to do with counsel. I mean, it's rule. You know, I mean, if you're saying that's the purpose of the rule, if you're saying knowingly and intelligently waiving counsel, the only thing that's really relevant to that is that he has a right to counsel, and he's giving it up. All this other collateral stuff, presumably he's informed of at first appearances, or at randoms, very often. Well, Your Honor, with all due respect, I do think the purpose of the rule is so he, I think the knowingly and intelligently goes, if he doesn't know that he's facing, you know, if he thinks he's eligible for probation in this case, he doesn't know that he's facing 14 years in prison, I do think that's not knowingly and intelligently, because he simply doesn't know the ramifications of his decision. Well, he's told, arguably, he's told procedurally, he's told that going with counsel or not happens. There's a lot of, with public offenders in different places, we have cases where they've been better off representing themselves. So, I mean, what I'm lying is, is I'm just asking that question. So it's basically, the rule says, just in case you forgot what you were told before, we'll repeat it. Is that the purpose of the rule? No, Your Honor, I don't think that's the purpose of the rule. Oh, okay. I think the purpose of the rule is so he, like you said, knowingly and intelligently, I think, you know, to that, is he has to know what he's waiving the right to, the fact that, you know, he wants to be able to consider the ramifications, if I screw this up, I don't know what I'm doing. He didn't, his appointed counsel couldn't find his file, right? In this case, no, he couldn't. Oh, well, okay. And by the way, the Supreme Court wrote the rule, you didn't, right? So, you're not responsible for the language here, whether, I mean, the rule's pretty clear, isn't it? It says you tell him the minimum and maximum sentence. That's one of the things. And, yeah, in fact, Your Honor, I do think in the rule itself, it also says the first thing that you tell him about, or before you raise counsel, you have to tell him first of all these things, and the court simply didn't do it here. Okay, but normal procedure, he's been informed of that at least once before. Well, following up on Justice Holdridge's question, if the record shows, and I believe it does, that he waived arraignment, that when he was in front of the judge, he waived a reading of the penalties, how does that factor into your argument? I mean, if he didn't care to hear the range of penalties of the arraignment, why does the court have to admonish him again? Well, I don't know that he didn't care about the range of penalties. I think presumably this guy who lost his file said, well, let's waive the reading, and I'm going to presumably explain it to him. We don't know on the record if he did or not. Well, the defendant said, got my two charges right here in front of me. I'm aware of that on the day of arraignment on March 31st. So he said to the judge, hey, I know what I'm charged with. But your Honor, I don't think that means he knows what the sentencing range was. I think it's clear that he didn't know what the sentencing range was here because he started arguing with the judge about the possibility of probation. He told the judge, the parole office told me I can get probation. I don't understand how it's possible I can't get probation. I think that's a serious issue here. But how does it matter? And I know, Justice, Schmidt's correct. Obviously the Supreme Court had rule. It doesn't mean that it's an intelligent rule. But it is a rule, apparently. But I'm just asking intellectually what the devil does any of that have to do with shouldn't I know I have the right to counsel and the right to a defense, and then I'm giving that up? What does all this other collateral stuff have to do with that decision? Your Honor, I think it's something that the defendant should consider. The fact that he thinks he's eligible for probation, and he's actually facing a sentence of 14 years and that he's not even eligible for probation. I think that's something he should consider before proceeding to trial on his own. How does that affect his ability to defend himself or represent himself versus having someone who allegedly holds a law license but can't find a file? What does that have to do with the way in which he's going to defend himself? I think that's something the defendant would consider himself. And you would think, well, do I want to take the chance of possibly going to prison for 14 years when I don't know anything about trial to myself? Presumably this guy, he might have lost a file. So what you're saying is we have a defendant here who's been arrested, brought into court, waives the reading of an indictment, and doesn't even think that he might go to prison? And so we'd have to tell him that? Well, Your Honor, in this case, I think that was absolutely true. He didn't think that he was going to go to prison, or at least he thought there was a possibility he'd get probation. And what was he charged with? Aggravated battery and resisting peace officer. Okay. What was the sentencing, Judge? Let's see. It's all right if you don't know. Didn't this guy get the maximum sentence? Yes, Your Honor. Yes, he received the 14 years in prison as the maximum extended term range for the class felony that he was at, and that was what was driving this. Yes, he reduced it. But you're not appealing the sentence, are you? No, I'm appealing the entire conviction, which goes with the sentence as well. Now, the State, in this brief, conceded that the trial court didn't comply with Supreme Court Rule 401A. However, the State argued that the defendant knew of the sentence that he actually received prior to pro se at the hearing for his motion to reconsider his sentence. Accordingly, the State concluded that the defendant properly waived counsel. However, the State completely fails to address the defendant's argument that 401A admonishment was never given to him either at the time that the court accepted or any time before he accepted the waiver or any time prior to trial even. Therefore, based on the case I cited in my reply brief, I think the court should find that the State waived that argument. For this court to affirm the defendant's convictions, it must conclude that a trial court complies with Supreme Court Rule 401A when it informs the defendant of the minimum, maximum, or the possible sentences after his trial rather than at his waiver. And it's such a holding, as Justice Schmidt mentioned himself, directly contrary to the language of the rule as well as case law. I think a perfect example of this is People v. 4, which is a case I cited in my motion to cite additional authority. I'm not going to rehash the facts from my argument in there, but I think that's something to look at. I think that goes directly to the question that I presented here. In sum, the admonishments given by the trial court were not sufficient to substantially comply with the requirements of Rule 401A because the defendant was not informed of the minimum, maximum, or the sentences prescribed by the law at the time the trial court learned that the defendant chose to waive counsel. Therefore, the required showing of the waiver being knowingly, intelligently was not made in this case. And accordingly, the defendant's conviction should be reversed and the case should be remanded for a new trial. You used the term substantial compliance. Does the rule talk about substantial compliance? No, Your Honor, it does not. That's something that's been read in by the courts. What does it mean by substantial compliance? The rule seems to say it pretty clearly. So I would assume it's compliance with the rule, right? What's substantial? What do we allow trial courts to skirt and say, oh, that's substantial? I think what that goes to, Your Honor, is when the defendant's messing around. So say the defendant was admonished in Rule 401A admonishments and then he waives the right to counsel and gets counsel again and then they go back and then he decides he's going to waive counsel again and at that point oftentimes his court says, well. So your argument is that there has to be these admonishments somewhere contemporaneously with waiving or substantial if it was given prior to the waiver in the proceedings? Yes, Your Honor. That's what we've allowed to constitute substantial compliance. So we're just talking about the knowledge of the defendant or imputed knowledge, reasonable imputed knowledge of the defendant at the time the defendant seeks to waive counsel? Yes, Your Honor. I mean, that's what all falls down to, correct? Yes. And can we comb this record for substantial compliance based upon that time frame? Your Honor, yes, I think you can, but I think the problem here is that it just simply wasn't imagined. Well, I'm talking about the general rule of law, the black letter kind of law with decisional law. That would be a summary of that. So you're saying the record wouldn't allow there's no substantial compliance under this record? No, Your Honor, there's no compliance whatsoever with Rule 401A under this record. Your argument is no compliance, substantial or otherwise? Exactly, Your Honor. Okay. Thank you. All right, thank you, Mr. Shah. Mr. Hanson. Good morning, Your Honor. It's me, a police and court counsel. Judge Holdredge, in regard to your questions about what the defendant knew when, I would say it without repeating it all. Paragraph 3 of page 2 of my brief over onto the next page indicates when the defendant was informed of everything. At the arrangement, he said he had the two charges in front of him, was aware of that. Next, the judge told him he had the right to an attorney. The defendant said he wanted the public defender's office dismissed. He didn't like him. He said nothing was caught in his judgment, wanted to proceed pro se. Later, he said it was still his desire to represent himself. Before the trial started, the judge said, hey, you've got a right to an attorney. The defendant said, I still want to represent myself. He proceeded to trial. So at what point were 401A admonitions given, 401A admonitions? They weren't. We're arguing there was substantial compliance here based on everything in this record. This record is really kind of one-of-a-kind because it's clear that he knew he had his right to an attorney. It's clear he had the charges and knew what they were. That's two of the three. But the rule says you've got to tell him about this. This guy was extended term, eligible, and he was never told that, right? True enough. But once he was given his – absolutely true, Judge. Game, set, match, right? Usually. Usually. But not in this case because after he got his specific sentence, after he got that 14-year sentence, which incidentally representing himself pro se he got reduced to 11, but after he knew his sentence, not being told by you, assuming you're the trial judge, Mr. So-and-so, you face up to 14 years in prison. Are you sure you want to leave counsel? Here, Mr. Sinzho, you've got 14 years in prison. And he still says, I want to be pro se. That's basically the nub of our argument, Your Honor. Well, it's not really true that he got reduced to 11 because he had a public defender appointed on the post-trial motion. He had done – He did the pro se motion. He did pro se, and then the public defender adopted his motion to reduce sentence. But he had an attorney that argued it. No, no, no. He got rid of that attorney. I'm pretty sure of that, Judge. If you tell me I'm wrong, I'll live with it. But I think – So let me ask, is your argument a retroactive substantial compliance? I guess in a way it is. Well, that's a new one, and we'd be making some law there, wouldn't we? You'd be following the law of substantial compliance, Judge. I'm sorry, did I interrupt you? Well, that always happens, but that's okay. I get flipped, I know. Okay, back to my questioning this rule. I understand we have to live with it. And God bless you for it. Before he's taken away to serve a sentence, he has procedural remedies like to reconsider a sentence, et cetera. And so the game really isn't over. It's a verdict and a sentencing, but there's an attempt to change that sentence before the minimus is entered. And got it changed. And in this instance, got it changed. And somewhere in that whole proceeding, was he told those other things in the rule? Well, he obviously knew of his right to counsel because he had counsel and got rid of many. And the judge kept saying, he obviously knew of his charges. Those are the only other two things. It's charges, right to counsel, and sentence. There are only three aspects. There's only three in the rule? Yes. Okay. Yes. Okay, now how do we deal with this language? Well, I guess, of course, they haven't dealt with it because they've talked about substantial. That's the note of my argument, substantial compliance. The judge didn't do what he should have done, but it didn't matter in this case. If I could just go over my brief points, and I swear to you, judges, they won't be very long. Usually, lack of full compliance with 401 results to remand for a new trial. Not here. There was, in essence, noncompliance with the rule here, but it was zero harm. The defendant repeatedly said he wanted to go pro se. The purpose of Rule 401A, the authorities in my brief, is that waiver of counsel will be an intentional waiver of a known right. Substantial compliance is enough. We argue here there was clearly the intentional waiver of a known right. The defendant's claim is just that in violation of the rule, he was not informed of the nature of the charge and the sentencing range. He was informed of the nature of the charges repeatedly, as I said in my brief and as I summarized to you just now. He knew of his right to an attorney. Three times he stated he wanted to go pro se. That's in more detail at page three of my brief. After he was sentenced to 14 years, knowing his exact sentence, and this is the fact I love most in this case, not just the sentence possibilities, which the rule would have him know of, he again chose to go pro se. He also knew by then, obviously, of the charge's right to counsel. Then he succeeded in getting his 14-year sentence reduced to 11 years. You're right. Okay. He did. Okay. He dismissed his attorney. He dismissed his attorney and then did it himself. This guy was apparently reasonably sophisticated in the system, but the purpose of Rule 401A is to ensure the intelligent waiver of counsel. That purpose was met here. This defendant, Your Honor, as defendants sometimes want to do, is simply playing with the system. He's seeking a hyper-technical advantage for himself. But the system's got to build on protection. In other words, the trial judge, when the guy wants to waive counsel, you sit there, you pick up your piece of paper, you read the 401 admonitions, and in this case you say, look, Einstein, you're not going to get probation. You're extended term eligible. You're sure you want to do this because if you're convicted, there'll be no probation, no whatever. I can't argue with you, Judge. He didn't do it. My point is here. I didn't write the rule. The Supreme Court did. Pardon? I said I didn't write the rule. The Supreme Court did. Absolutely true. And defense counsel shouldn't have to apologize for the rule. The rule is the rule propounded by the seven wise men on high, and we're just living with it. We can still comment, though, that it makes no sense, those other requirements, because we're talking about waiver of counsel. You're preaching to the choir to me, Judge. This comes up on plain error. Excuse me? This was not a preserved error in the post-trial motion. This comes before this court on plain error, correct? I hadn't specifically thought of that. I guess it does. You know, it was never argued. I didn't respect it. It was never argued either. I don't think anyone's saying that it wasn't plain error. Reversible. Right. So what we have here is two different judges. We have Reisinger and Curry both. I believe that's correct. That did not admonish him pursuant to the Supreme Court rule. Was there Reisinger before Curry? That's probably correct. So Reisinger at the arraignment. Well, at least at the first time counsel was waived, and then Curry didn't give the forum. Don't ask me why they didn't, Judge. And then after the post-trial motion for reduced sentence this file, he fires the public defender again, and Curry again doesn't say, are you sure you want to do this? So we have at least three opportunities for the judges. You know, there were several. The judge did tell the defendant he had the right to an attorney. That was in there, and I put that in my brief at pages two and three. Right. The issue here is the range of punishment, and the range of punishment was not specified on the record because the defendant waived that the very first time he was in court on March 31st. The range of punishment was never told to the defendant here. But he waived it at arraignment. He said, I know what the charges are. Oh, he said, I thought you were talking about the range of punishment. I am. I am. Oh, he said, I know what the charges are. But he didn't want to hear. Oh, yeah, he said he didn't want to hear anymore. Yeah, yeah. Okay, I didn't make a big point of that. I'll go with it. But the point is, the rule means for a defendant to be knowingly waiving his right to an attorney. And the sentence part is, he ought to know what sentence he's facing. Here, this guy knew more than that. He knew what sentence he had. He knew what specific sentence he had, and he still insisted on being pro se. Did, by the way, this waiver or forfeiture business, did the state argue that at any point? I don't believe so. He never lost his own file. Not that I know of. Thank you, Your Honor. Thank you, Mr. Hanson. Mr. Johnson, rebuttal. Just one small point regarding him getting the 11 years reduced by himself. You know, I don't have the record on hand. But if I remember correctly, I think what he did was he adopted the public defender's motion. So it wasn't, oh, no? The public defender adopted the pro se motion. I see. And he didn't adopt the public defender's motion. I thought he filed a motion on his own, too. Is that, I think, a different case? He might have. But it was substantially the same as the pro se motion. Okay, okay. Well, I guess the main point, and the reason I get back up here, was the retroactive substantial compliance argument. I think that argument is kind of crazy because it essentially says, say the defendant waives counsel on appeal, does that mean knowingly and intelligently waive counsel for trial? I don't think it does. That's the only other point I had. Okay. Thank you both for your arguments here this morning. This matter will be taken under advisement. A written disposition will be issued right now. We'll be in a brief recess for a panel change before the next case.